UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY (LOUISVILLE)
CIVIL CASE NO. 3:23-cv-419-DJH

NATHAN JACKSON                                                                                         PLAINTIFF

v.

ABBOTT LABORATORIES INC.
    **Serve**: CT CORPORATION SYSTEM
    306 W Main St., Ste 512
    Frankfort, KY 40601

ST. JUDE MEDICAL, LLC
    **Serve**: The Corporation Trust Company
    Corporation Trust Center,
    1209 Orange Street
    Wilmington, DE 19801

ST. JUDE LABORATORIES LLC
    **Serve**: Harvard Business Services
    16192 Coastal Highway
    Lewes, DE 19958                                                                               DEFENDANTS

## COMPLAINT

Comes the Plaintiff, Nathan Jackson, through counsel, and for his Complaint against Defendants Abbott Laboratories Inc., St. Jude Medical, LLC, and St. Jude Laboratories LLC, states as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Nathan Jackson ("Mr. Jackson") is and was at all times relevant a citizen of the commonwealth of Kentucky and resident of Jefferson County.

2. Upon information and belief, Defendant Abbott Laboratories LLC ("Abbott") is and was at all times relevant a Foreign Corporation conducting business in the Commonwealth of Kentucky, whose registered agent is CT Corporation System, 306 W Main Street, Suite 512, Frankfort, KY 40601.

3. Upon information and belief, Defendant St. Jude Medical, LLC ("St. Jude Medical") is and was at all times relevant a limited liability company organized in the state of Delaware, whose registered agent is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

4. Upon information and belief, Defendant St. Jude Laboratories Inc. ("St. Jude Laboratories") is and was at all times relevant a limited liability company organized in the state of Delaware, whose registered agent is Harvard Business Services, Inc., 16192 Coastal Hwy, Lewes DE 19958.

5. This Court has personal jurisdiction over the parties because Defendants have conducted business in Jefferson County, Kentucky and are subject to the laws of this Commonwealth, the injuries giving rise to this action occurred in Jefferson County, Kentucky and the damages suffered by Plaintiff exceed the jurisdictional minimum of this Court.

## STATEMENT OF THE FACTS

6. In 2015, St. Jude Medical issued a recall of numerous defibrillators as a result of defective batteries, which would quickly lose charge without providing adequate warning to the patient.

7. Despite the recall, St. Jude Medical continued to sell the recalled devices for approximately 17 months amongst the corrected devices.

8. Upon information and belief, St. Jude Medical acknowledged that it continued to ship these recalled devices.

9. In October 2016, the FDA issued another Class 1 Recall of St. Jude Medical's defibrillators.

10. On January 5, 2017, Defendant Abbott acquired St. Jude Medical.

11. On March 15, 2021, unbeknownst to Mr. Jackson, Abbott issued another international Class I recall of these devices due to premature battery depletion.

12. On or around August 4, 2022, Mr. Jackson had an Abbott Automatic Implantable Cardioverter Defibrillator (AICD) implanted into his chest to monitor and correct his abnormal heart rhythm (the "Device").

13. Shortly thereafter, despite having the AICD, Mr. Jackson began experiencing serious heart pain, causing him to be admitted into the hospital.

14. He suffered unnecessary electric shocks to his heart, twitching, and pain.

15. On August 10, 2022, prior to being discharged from the hospital, Mr. Jackson was informed that the reason for his hospital admission was due to a malfunction in the Device.

16. At this same time, Mr. Jackson also discovered there had been a recall of the Device.

17. Mr. Jackson now suffers frequent twitching, worsened heart issues, and PTSD.

18. As a direct and proximate result of the Recall on Defendants' Device, Mr. Jackson has suffered and continues to suffer from severe pain and discomfort, emotional distress, the loss of daily functions, and economic loss, including but not limited to present and future medical expenses, and future lost earning capacity, all of which are a direct result of Defendants' liability producing conduct.

## CAUSES OF ACTION

### COUNT 1
### STRICT LIABILITY – MANUFACTURING DEFECT

19. Mr. Jackson incorporates the foregoing paragraphs as if fully set forth herein.

20. At all times herein mentioned, Defendants designed, manufactured, tested, marketed, sold, and distributed into the stream of commerce the aforementioned Device.

21. In 2016, Defendants recalled the Device because exposed aluminum wires were preventing defibrillation therapy from battery failure, causing serious injuries and death.

22. Defendants' quality control should have, but failed to, discover that the Device was malfunctioning, causing serious injuries or death to individuals.

23. At all times herein mentioned, the Device was defective in that it contained exposed aluminum wires, causing the batteries inside of the Device to improperly function.

24. The Devices were unsafe, defective, and unreasonably dangerous before they left Defendants' possession, and were in the same condition when placed into the stream of commerce by Defendants.

25. Defendants knew or should have known, based on industry and scientific knowledge available at the time of its manufacture and distribution, that the Device was defective, unsafe, and reasonably dangerous to consumers, including Mr. Jackson.

26. At all times herein mentioned, ordinary consumers, including Mr. Jackson who were using the Device, could not and would not have recognized the potential defects, risks, and dangers of the malfunctioning device.

27. At all times herein mentioned, the Devices were distributed to consumers in a manner which was reasonably foreseeable to Defendants.

28. As a direct and proximate result of Mr. Jackson's use of the Device as manufactured, designed, sold, supplied, and distributed into the stream of commerce by Defendants, Mr. Jackson developed worsened heart conditions, pain, and anxiety, which has caused him to suffer harm, damages, economic loss, and Mr. Jackson will continue to suffer such harm into the foreseeable future.

## COUNT II
## STRICT PRODUCTS LIABILITY – DESIGN

29. Mr. Jackson incorporates the foregoing paragraphs as if fully set forth herein.

30. At all times relevant to this action, Defendants were engaged in the business of designing, manufacturing, testing, marketing, distributing, and/or selling the Device to members of the public.

31. Defendants manufactured, distributed, and/or sold the Device which was used by Mr. Jackson.

32. The Device manufactured by the Defendants reached Mr. Jackson without substantial change in its condition when it was given to Mr. Jackson.

33. The Device was defective and unreasonably dangerous when it entered the stream of commerce and when used by Mr. Jackson.

34. Defendants owe a duty to the public, specifically to Mr. Jackson, to exercise reasonable care in the design, study, development, manufacture, promotion, sale, marketing, and distribution of the Device. Defendants failed to exercise reasonable care in the design of the Device, as designed, the Device was capable of causing serious personal injuries such as those suffered by Mr. Jackson during the foreseeable use of the Device.

35. The Device used by Mr. Jackson was defective at the time it was distributed by Defendants or left their control.

36. Mr. Jackson was a person who would reasonably be expected to use the Device.

37. Defendants' failure to exercise reasonable care in the design, marketing, selling, distributing, and manufacturing of the Device was a direct and proximate cause of Mr. Jackson's injuries and damages.

38. As a direct and proximate result of the actions and inactions of Defendants as set forth herein, Mr. Jackson's heart problems have worsened, and he has suffered injuries and damages.

## COUNT III
## STRICT PRODUCTS LIABILITY – FAILURE TO WARN

39. Mr. Jackson incorporates the foregoing paragraphs as if fully set forth herein.

40. Defendants owed a duty of reasonable care to adequately warn of the risks associated with the use of the Device to foreseeable users, including Mr. Jackson.

41. Defendants knew or reasonably should have known that the warnings provided to users of the Device regarding the risks associated with its use were incorrect or inadequate in at least the following material respects:

   a. The Device was unaccompanied by proper warnings regarding all possible risks associated with its use and the comparative severity, incidence, and duration of adverse effects;

   b. Defendants failed to include adequate warnings that would alert Mr. Jackson to the dangerous risks of the Device, including, among other things, potential to over-shock and enhance heart problems;

   c. Defendants failed to immediately warn patients after they learned that its product was causing serious injuries and death; and

   d. Otherwise failed to provide adequate warnings.

42. By failing to warn Mr. Jackson of the adverse health risks associated with the Device, Defendants breached its duty to Mr. Jackson of reasonable care and safety.

43. Defendants, as manufacturers and distributors of medical devices, are held to the level of knowledge of an expert in the field; and further, Defendants knew, or should have known,

that the warnings they distributed regarding the risks of defective batteries in the Device and associated injuries and complications following the use of the Device, were inadequate.

44. Mr. Jackson did not have the same expert knowledge as Defendants, and no adequate warning of other clinically relevant information and data was communicated to Mr. Jackson.

45. Defendants have a continued duty to provide consumers, including Mr. Jackson, with warnings and other clinically relevant information and data regarding the risks and dangers associated with the Device, as it came or could have become available to Defendants.

46. Defendants marketed, promoted, distributed, and sold unreasonably dangerous and defective Devices to health care providers without adequate warnings and other clinically relevant information and data. Through omission and affirmative misstatements, Defendants mislead the medical community about the risk and benefit balance of the Devices, which resulted in severe injury to Mr. Jackson.

47. Defendants knew or should have known that consumers, including Mr. Jackson specifically, would foreseeably and needlessly suffer injury as a result of its failures.

48. Defendants had an obligation to provide Mr. Jackson with adequate clinically relevant information, data and warnings regarding the adverse health risks associated with the Device.

49. By failing to provide Mr. Jackson with adequate and clinically relevant information, data, and warnings regarding the adverse health risks associated with the Device, Defendants breached its duty of reasonable care and safety.

50. Defendants' actions described above were performed willfully, and with reckless disregard for the life and safety of the Mr. Jackson and the general public.

51. Defendants' failure to provide adequate warnings was a proximate cause of Mr. Jackson's injuries and damages.

52. As a direct and proximate result of the actions and inactions of Defendants as set forth herein, Mr. Jackson suffers the injuries and damages set forth herein above.

## COUNT IV
## BREACH OF IMPLIED WARRANTY

53. Mr. Jackson incorporates the foregoing paragraphs as if fully set forth herein.

54. Defendants are in the business of designing, manufacturing, supplying, selling, and placing into the stream of commerce certain goods, including the recalled devices.

55. By placing the Devices into the stream of commerce, Defendants impliedly warranted that it was merchantable and fit and safe for its intended use.

56. The Devices placed into the stream of commerce by Defendants and given to Mr. Jackson were defective, causing those persons who used the Device, including Mr. Jackson, to suffer severe heart complications and accordingly, were not fit, safe, or merchantable for its intended use.

57. The defective battery in the Device manufactured, supplied, and placed into the stream of commerce by Defendants was present at the time the Devices left Defendants' control and at the time was given to Mr. Jackson for use.

58. Defendants breached the implied warranty for the Device because it was contaminated, unmerchantable, and not fit for its intended purpose, resulting in personal injuries suffered by Mr. Jackson, including worsened heart complications, pain, twitching, and emotional distress.

59. Mr. Jackson was a foreseeable user of the Device that was designed, manufactured, and placed into the stream of commerce by Defendants.

60. By the foregoing reasons, Defendants are liable to Mr. Jackson for his injuries, harm, damages, and economic and non-economic losses in an amount to be determined at trial.

## COUNT V
## BREACH OF EXPRESS WARRANTY

61. Mr. Jackson incorporates the foregoing paragraphs as if fully set forth herein.

62. At all times mentioned, Defendants expressly represented and warranted to Mr. Jackson through statements made by Defendants and its authorized agents or sales representatives, orally and in publications, package inserts, and other written materials intended for physicians, medical patients, and the public, that the Devices are safe, effective, fit, and proper for its intended use. Mr. Jackson utilized the Device relying upon these warranties.

63. In utilizing the Device, Mr. Jackson relied on the skill, judgment, representation, and foregoing express warranties of Defendants. These warranties and representations were false in that the Device is unsafe and unfit for its intended uses.

64. As a result of the abovementioned breach of express warranties by Defendants, Mr. Jackson suffered injuries and damages as alleged herein.

## COUNT VI
## KENTUCKY CONSUMER PROTECTION ACT VIOLATIONS

65. Mr. Jackson incorporates the foregoing paragraphs as if fully set forth herein.

66. Kentucky makes it unlawful for any person to employ "any unfair, misleading, or deceptive acts or practices in the conduct of any trade or commerce" which are declared unlawful and forbidden. KRS 367.170.

67. Defendants engaged in unfair, unconscionable, or deceptive methods, acts, or practices in the conduct of trade or commerce, with respect to the sale and advertisement of the Recalled Devices, including specifically the Device purchased by Plaintiff, in violation of KRS

367.170, including misrepresenting the true quality of the Device and the health risks associated therewith.

68. These acts or practices occurred in the conduct of Defendants' respective trade or commerce.

69. The defects hereinabove mentioned include, without limitation, the failure to properly design, test, and manufacture the Devices; the failure to provide adequate warning and instructions concerning the Device; and the failure to promptly inform medical personnel of the serious consequences associated with the use of the Device.

70. The defects referred to herein were a substantial factor in causing Mr. Jackson to sustain the severe injuries and damages described herein, for which he is entitled to recover.

## COUNT VII
## NEGLIGENCE

71. Mr. Jackson incorporates the foregoing paragraphs as if fully set forth herein.

72. Defendants owed a duty to Mr. Jackson to exercise reasonable care in designing, researching, manufacturing, marketing, supplying, promoting, sale, testing, quality, assurance, quality control, and distribution of the Device into the stream of commerce, including a duty to assure that it would not cause those who used it, including Mr. Jackson, to suffer adverse harmful effects.

73. Defendants failed to exercise reasonable care in the designing, researching, manufacturing, marketing, supplying, promoting, sale, testing, quality assurance, quality control and distribution of the Device.

74. Defendants knew or should have known that those individuals who used the defective Device were at risk for suffering harmful effects from it, including but not limited to

worsened heart conditions, as well as other severe injuries which are permanent and lasting in nature, physical pain, mental anguish, diminished enjoyment of life, and death.

75. Defendants were negligent in designing, researching, supplying, manufacturing, promoting, packaging, distributing, testing, advertising, warning, marketing, and sale of the Device. The negligence of the Defendants, their agents, servants, and employees, included but was not limited to the following acts and/or omissions:

    a. Designing, manufacturing, producing, creating, and/or promoting the Device without adequately, sufficiently, or thoroughly testing the units to ensure they were free from harmful defects, including defective batteries;

    b. Not conducting a sufficient quality control testing program to determine whether or not the subject Device was manufactured properly and was free from defects, making it unsafe for users of the product;

    c. Negligently failing to timely recall their dangerous and defective Devices at the earliest date that it became known that certain Devices were, in fact, dangerous and defective;

    d. Negligently manufacturing the Devices in a manner that was dangerous to those individuals who used the Devices;

    e. Negligently producing the Devices in a manner that was dangerous to those individuals who had it transplanted into their bodies;

    f. Failing to warn individuals who were using the product of the risks; and

    g. Were otherwise careless and negligent.

## COUNT VIII
## PUNITIVE DAMAGES

76. Mr. Jackson incorporates the foregoing paragraphs as if fully set forth herein.

77. As a result of their gross negligence and other wrongful conduct, which includes but is not limited to the acts and omissions alleged herein, all of which constitutes gross negligence and a wanton and reckless disregard for the safety of the users of the Device, the Defendants are liable to the Plaintiff for punitive damages.

78. The Defendants' acts and failure to act in connection with the research, design, development, testing, marketing, selling, and distributing of the Device were in such total disregard for the health and lives of the users, including Mr. Jackson; that an award of punitive damages is warranted in order to ensure that the Defendants do not engage in such actions in the future.

79. By suppressing the knowledge of the safety and health risks associated with the Device from the general public, and specifically from the Plaintiff, Mr. Jackson, the Defendants made a conscious decision to risk the life of Mr. Jackson to further their own financial gain.

80. Such conduct by Defendants constitutes gross negligence and reckless indifference, entitling Plaintiff to punitive damages.

WHEREFORE, Mr. Jackson prays for relief against Defendants as follows:

a. Compensatory damages in an amount reasonably necessary to fully compensate Mr. Jackson for all past, present, and future pain and suffering, in an amount in excess of the jurisdictional minimum of this Court;

b. Special damages in an amount to fully compensate Mr. Jackson for all his injuries and damages, both past and present, in an amount exceeding the jurisdictional minimum of this Court;

c. Compensatory and special damages in an amount to fully compensate Mr. Jackson for his medical expenses, both past and present, in an amount exceeding the jurisdictional minimum of this Court;

    d. Attorneys' fees, expenses, and costs of this action;

    e. A trial by jury on all issues so triable;

    f. Pre-judgment and post-judgment interest in the maximum amount allowed; and

    g. Any and all further reasonable relief to which Mr. Jackson may appear entitled.

    Respectfully submitted,

*/s/ Andre F. Regard*
Andre F. Regard (KBA # 88254)
Regard Law Group, PLLC
1500 Leestown Rd., Suite 307
Lexington, KY 40511
Office: (859) 281-1318
Facsimile: (859) 281-1319
aregard@regardlaw.com
**Counsel for Plaintiff**